**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NOS. A-5844-17T1
       A-1536-18T1

STATE OF NEW JERSEY,

  Plaintiff-Respondent,

v.

MATTHEW P. ARLUNA,

  Defendant-Appellant.

_____

Submitted November 13, 2019 – Decided December 12, 2019

Before Judges Hoffman and Currier.

On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Municipal Appeal No. 18-10, and Indictment No. 17-01-0144.

Joseph E. Krakora, Public Defender, attorney for appellant (Michelle Erica Friedman, Assistant Deputy Public Defender, of counsel and on the briefs).

Mark Musella, Bergen County Prosecutor, attorney for respondent (William P. Miller, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

In 2003, defendant appeared without counsel in the Ho-Ho-Kus Municipal Court and pled guilty to a charge of driving while intoxicated (DWI), N.J.S.A. 39:4-50, resulting in his first DWI conviction. He acquired two more DWI convictions thereafter. For his third DWI conviction, defendant received a ten-year suspension of his driver's license in 2008. In 2016, defendant was pulled over while driving a friend's car. Because his license remained suspended, defendant was charged with violating N.J.S.A. 2C:40-26(b), operating a motor vehicle while his license was suspended for a second or subsequent DWI conviction, a fourth-degree criminal offense.

On November 15, 2017, a jury found defendant guilty of violating N.J.S.A. 2C:40-26(b). Prior to sentencing, defendant filed a motion to withdraw his uncounseled 2003 guilty plea, pursuant to State v. Laurick, 120 N.J. 1 (1990).[1] The Ho-Ho-Kus Municipal Court denied the motion and defendant appealed. On August 15, 2018, following a trial de novo, the Law Division also denied defendant's motion. On November 9, 2018, the same Law Division judge sentenced defendant to 364 days in the county jail and three years of probation.

---

[1] In Laurick, our Supreme Court held "a prior uncounseled DWI conviction may establish repeat-offender status for purposes of the enhanced penalty provisions of the DWI laws"; however, "a defendant may not suffer an increased period of incarceration as a result of . . . an uncounseled DWI conviction." Id. at 16. (emphasis omitted).

Defendant filed appeals challenging both Law Division orders. On April 15, 2019, this court consolidated both appeals.

Defendant's brief presents the following points of arguments:

POINT I

AS APPLIED TO THE PRE-2011 DUI OFFENSES, MR. ARLUNA'S N.J.S.A. 2C:40-26 CONVICTION VIOLATES THE EX POST FACTO CLAUSE.

POINT II

THE COURT USURPED THE DEFENDANT'S DECISION-MAKING AUTHORITY, DECIDING TO ISSUE THE CHARGE ON HIS ELECTION NOT TO TESTIFY WITHOUT HIS CONSENT.

POINT III

THE LAW DIVISION IMPROPERLY AFFIRMED THE MUNICIPAL APPEAL AND RELIED UPON THAT CONVICTON AT THE TIME OF SENTENCING. THE SENTENCING COURT ALSO ERRED IN DOUBLE-COUNTING AND IN FINDING THAT MR. ARLUNA ATTEMPTED TO MINIMIZE THE SERIOUSNESS OF THE OFFENSE.

    A.    The 2003 Guilty Plea is Founded Upon an Inadequate Factual Basis. The Law Division Should Have Vacated That Conviction and Refused to Consider It During Sentencing on the Indicatable Offense.

    B.    The Court's Failure to Advise the Defendant of His Right to a Municipal Public Defender Once He Indicated a Private Attorney Was Cost-

A-5844-17T1

Prohibitive Also Renders the 2003 DUI Conviction and Sentence Invalid.

C.   The Court's Rationale for Finding Aggravating Factor Nine was Patently Flawed.

While we conclude that defendant's first two points lack sufficient merit to warrant extended discussion,[2] R. 2:11-3(e)(2), we find that sub points A. and B. under Point III do have merit, in light of the recent decision of the Supreme Court in State v. Patel, ___ N.J. ___, ___ (2019) (slip op.). For the reasons that follow, we vacate the orders under review and remand for further proceedings consistent with Patel.

I

On May 2, 2003, police pulled over defendant and cited him for DWI, in violation of N.J.S.A. 39:4-50, and failure to observe traffic lanes, in violation of N.J.S.A. 39:4-88. Prior to entering his plea, defendant signed a "Notice of Motion to Enter a Plea Agreement," which indicated the State recommended the minimum sentence for his DWI charge, and the citation for failure to observe

---

[2] Regarding Point I, defendant failed to raise his ex post facto argument in the trial court. In addition, this court previously addressed and rejected this argument. See State v. Carrigan, 428 N.J. Super. 609, 612 (App. Div. 2012). Regarding Point II, defendant did not object to the election-not-to-testify instruction; in fact, defense counsel referenced the instruction in his closing argument. Following our review of these arguments, we find no plain error. R. 2:10-2.

traffic lanes would be merged and dismissed. Defendant also signed the "Intoxicated Driver Penalty Provisions Court Order" which outlined the penalties imposed by the court. The "Defendant Information" section of the order stated defendant was charged with DWI based on a .17 and .18 blood alcohol content (BAC).

On June 4, 2003, defendant appeared without counsel before the Ho-Ho-Kus Municipal Court, where the following colloquy occurred:

> Judge: Let[']s get right to the case here. One charge is being dismissed. [The DWI] charge you've indicated that you wish to plead guilty to it.
>
> Defendant: Yes.
>
> Judge: [The DWI] charge is a charge that carries with it rather severe penalties[. Therefore,] you have the absolute right to an attorney to represent your interest in that particular case.
>
> Defendant: Yes.
>
> Judge: Do you understand that?
>
> Defendant: Yes.
>
> . . . .
>
> Judge: Do you have any problem understanding what I just told you?
>
> Defendant: No.

A-5844-17T1

Judge: Do you wish to proceed in this matter with or without an attorney?

Defendant: Without.

Judge: Why?

Defendant: Because I can convey to you what happened without going through a [$1500] attorney.

Judge: [T]hat's a very fair comment, and I don't mean it in any other way. But just so you understand, I have to be careful, obviously, when people represent themselves, you know, again, only because there are certain rights that they may or may not know about or have, and I understand that.

Defendant: Yes.

The judge explained to defendant the consequences of pleading guilty to DWI and outlined the consequences of repeated offenses; however, at no point did the judge advise defendant he was entitled to court-appointed counsel, if he could not afford an attorney. After discussing the consequences of his DWI and the consequences of subsequent offenses, the following additional exchange occurred:

Judge: I'm not saying that to scare you but to again let you know what the penalties are and to make sure that you are proceeding and know what you're doing.

Defendant: Yes.
Judge: All right. You still wish to proceed?

A-5844-17T1

Defendant: Yes.

Judge: Okay. I am satisfied you know what you're doing. Again, I'm not trying to be a wise guy, I just want you to understand I'm kind of careful when it comes to those things[.]

Defendant: I understand.

Defendant then testified that, prior to police pulling him over, he went to a bar with some friends, "had a shot" that "was 190 proof" and drank a beer. Defendant then added that the shot was "probably what put me over the limit." The judge stated, "I'm satisfied that you do, in fact, know what you did. You also are quite aware of the ramifications and penalties. . . ."

The judge then accepted defendant's guilty plea, found him guilty of DWI, and merged the charge of failure to observe traffic lanes. As part of defendant's sentence, the judge suspended his license for 180 days. In 2007, defendant was convicted of his second DWI. In 2008, defendant was convicted of his third DWI. As part of the sentence imposed for his third DWI, the court suspended his license for ten years.

On January 22, 2016, defendant was pulled over by a police officer in the Borough of Waldwick for having an unclear license plate, in violation of N.J.S.A. 39:3-33. The owner of the vehicle was a passenger. Defendant provided the officer with a license issued "for identification purposes only";

eventually, defendant admitted he did not have a valid driver's license. Defendant also admitted to drinking one beer before driving his passenger's vehicle. A dispatcher ran defendant's license and informed the officer his license was suspended for DWI. On January 30, 2017, a grand jury returned an indictment charging defendant with violating N.J.S.A. 2C:40-26(b). Following a trial, on November 15, 2017, a jury found defendant guilty of the charge.

Prior to his sentencing hearing, defendant filed a motion in the Ho-Ho-Kus Municipal Court, seeking to withdraw his 2003 guilty plea, after his counsel reviewed a transcript of defendant's 2003 plea hearing. The municipal court judge denied the motion, but acknowledged "the [c]ourt[,] in a self-critical analysis[,] could have done a better job on the issues of the right to appeal and operation of the motor vehicle." The judge who denied the motion was the same judge who accepted defendant's guilty plea in 2003.

Defendant then filed an appeal from the denial of his motion to withdraw his 2003 guilty plea. Defendant's appeal was heard by the same judge who presided at defendant's trial on the N.J.S.A. 2C:40-26(b) charge. Following a trial de novo, the judge denied the motion. Even though defendant did not state he was drunk, the judge found defendant knew he was over the legal limit because he received an order notifying him that he had a .17 and .18 BAC at the

time of his arrest. The judge further noted defendant's "extraordinary delay" in bringing his application and the "equities weigh[ed] heavily against [him]" because he failed to argue he was innocent of the DWI. Lastly, the judge found withdrawing his plea agreement would create an "unfair prejudice" to the State and an unfair advantage to defendant because the underlying offense occurred over fifteen years prior.

On November 9, 2018, the same Law Division judge presided at defendant's sentencing hearing. The judge found aggravating factors three, N.J.S.A. 2C:44-1(a)(3) (risk of recidivism); six, N.J.S.A. 2C:44-1(a)(6) (criminal history and seriousness of conviction); and nine, N.J.S.A. 2C:44-1(a)(9) (deterrence). The judge found that defendant's admitted drinking – although not being drunk – and driving, after having three prior DWIs, made his conduct "outrageous, and . . . heighten[ed] the need to deter" him. He further found defendant's sentencing memo "attempt[ed] to minimize the seriousness of this offense by arguing that there was nobody else on the road. Even if that's true the argument highlights the fact that defendant simply doesn't understand the seriousness of this offense, and the need to deter this defendant in particular is extremely strong."

The judge found mitigating factors ten, N.J.S.A. 2C:44-1(b)(10) (probation); and eleven, N.J.S.A. 2C:44-1(b)(11) (imprisonment would entail excessive hardship). The judge then sentenced defendant to 364 days in the Bergen County Jail and three years of probation. The judge ordered defendant to surrender on March 1, 2019, "or within [seventy-two hours] of denial of a stay by the Appellate Division." No motion for a stay was filed, and defendant began serving his jail sentence on March 18, 2019.

II

While we are convinced the Law Division judge correctly denied defendant's motion to withdraw his uncounseled 2003 guilty plea, based upon the applicable law at the time, after his decision, our Supreme Court decided Patel on August 7, 2019. Relevant to this appeal, the Court held:

> [W]hen notice of the right to counsel is not given in DWI cases, to obtain the special form of relief recognized in Laurick, neither indigent nor non-indigent defendants should be required to establish that the outcome of the proceeding would have been different had they been given the opportunity to retain counsel or secure appointed counsel.
>
> [Patel, slip op. at 33.]

A-5844-17T1

Before Patel, the Court had ruled in Laurick that unless the lack of counsel results in a "miscarriage of justice," the court should not grant relief. 120 N.J. at 10.

A remand to the Law Division is required so that the court can reconsider the orders under review and fully address all relevant issues, with the guidance provided by the Court in Patel. The Law Division shall immediately enter an order for defendant's release from the county jail pending the court's further consideration of these orders.

Vacated and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION